# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3927EM

_____

Moses.com Securities, Inc.,     *

                               *

          Appellee,           *     On Appeal from the United

                               *     States District Court

    v.                           *     for the Eastern District

                               *     of Missouri.

Comprehensive Software Systems, Inc.,    *

                               *

          Appellant.          *

_____

Submitted: June 14, 2001

Filed: August 20, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit Judges, and BATAILLON,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

Comprehensive Software Systems, Inc. (CSS), appeals from the District Court's[2] order denying its motion to compel Moses.com Securities, Inc., to arbitrate the parties' dispute under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. We affirm.

---

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Hon. Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

I.

Moses.com developed a business plan for on-line securities trading. In May 1999, Moses.com signed a letter of intent with CSS to negotiate an agreement under which CSS would license software products to Moses.com to implement the plan. By late June, CSS commenced work on the Moses.com project, and worked on it for the next seven months. Meanwhile, the parties attempted to negotiate a comprehensive written licensing agreement. In July 1999, CSS sent a draft contract which contained a narrow arbitration provision. In August 1999, Moses.com sent CSS a draft contract which contained a detailed and broad arbitration provision, including the agreement to arbitrate disputes in Colorado where CSS is based. In September, CSS sent another draft contract to Moses.com which contained an arbitration provision identical to the one in Moses.com's draft, except that it shortened a certain 60-day period to 15 days and changed a citation.

In October, Moses.com's Chief Financial Officer, Steve Bushman, met with CSS's Chief Financial Officer, David Zeleniak, to discuss outstanding contract issues. Mr. Zeleniak averred by affidavit that Mr. Bushman expressly agreed to the arbitration provision. On the contract draft, Mr. Zeleniak wrote "OK" alongside the arbitration provision as he and Mr. Bushman discussed each aspect of the draft. Moses.com's Chief Executive Officer, James Winkelmann, averred by affidavit that "[n]either party ever signed, acknowledged or accepted the arbitration provision, whether as part of, or separate and apart from, the draft license agreement as a whole."

The parties exchanged revised drafts of the contract in November 1999 and January 2000 — each containing an arbitration clause identical to the one in the September draft. None of the drafts was ever signed by both parties. On February 2000, Moses.com filed an action in a state court claiming negligence in performance and negligent and fraudulent misrepresentations premised on CSS's failure to install

a software system to accommodate Moses.com's needs. CSS removed the case to the District Court and moved to compel arbitration under the FAA.

## II.

The District Court held that an evidentiary hearing was needed to determine whether the parties had agreed to the arbitration provision. At the hearing, Mr. Zeleniak and Mr. Bushman testified that they had nothing left to negotiate with respect to arbitration. On cross-examination, Mr. Zeleniak testified that it was possible that Moses could have changed its mind after October, but that he believed they had an agreement to arbitrate. Mr. Bushman and Mr. Winkelmann testified that they never believed the parties entered into a final agreement on the arbitration clause.

Following the hearing, the District Court found that "although the parties may have reached initial agreement on the terms of an arbitration provision, the parties' understanding that they were free to negotiate changes to the arbitration provision belies [CSS]'s argument that the parties reached final agreement on the provision." The Court accordingly denied the motion to compel arbitration, and this appeal followed.[3]

## III.

The District Court's finding that there was no agreement to arbitrate is not clearly erroneous. The District Court understood Mr. Zeleniak to mean that the arbitration clause was still open to further negotiation. CSS argues that the witness meant only that Moses.com, like any party who had made an agreement, could have broken its

---

[3]The District Court granted CSS's motion to stay proceedings pending this appeal.

contract. It was up to the fact-finder to decide what the witness meant. In deciding as it did, the Court did not clearly err.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.